

FILED

FEB 0 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8109

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate's Case No.: |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| v. | ) Title 21, U.S.C., § 841(a)(1) |
| Saul Junior GONZALEZ | ) Possession with Intent to ) Distribute (Felony) |
| Defendant. | ) |

The undersigned complainant being duly sworn states:

That on or about February 5, 2008, within the Southern District of California, defendant Saul Junior GONZALEZ did knowingly and intentionally possess, with intent to distribute approximately 24.54 kilograms (54.1 pounds) of cocaine, Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

MICHAEL ORTIZ
Special Agent
Drug Enforcement Administration

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 6TH DAY OF FEBRUARY, 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate's Case No.: |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| v. | ) Title 21, U.S.C., § 841(a)(1) |
| Saul Junior GONZALEZ | ) Possession with Intent to Distribute (Felony) |
| Defendant. | ) |

The undersigned complainant being duly sworn states:

That on or about February 5, 2008, within the Southern District of California, defendant Saul Junior GONZALEZ did knowingly and intentionally possess, with intent to distribute approximately 24.54 kilograms (54.1 pounds) of cocaine, Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

MICHAEL ORTIZ
Special Agent
Drug Enforcement Administration

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 6TH DAY OF FEBRUARY, 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES OF AMERICA**

**v.**

**Saul Junior GONZALEZ**

### STATEMENT OF FACTS

This Statement of Facts is based on the reports, documents and notes furnished to Drug Enforcement Administration Special Agent Michael Ortiz.

On February 5, 2008, Border Patrol Agent L. Naoufal was assigned at the Highway 86 Checkpoint near Westmorland, California. At approximately 4:20 A.M., while Agent Naoufal was conducting primary inspection, when a white 1990 Chevrolet Celebrity station wagon approached the checkpoint location. Agent Naoufal identified himself as a United States Border Patrol Agent. Before Agent Naoufal could ask any questions, Saul Junior GONZALEZ handed Agent Naoufal his California Birth Certificate and California Driver's License. Agent Naoufal noticed that GONZALEZ's hands were visibly shaking and GONZALEZ kept looking towards the back seat of the vehicle in an attempt to avoid eye contact with Agent Naoufal. GONZALEZ appeared very anxious to end the encounter by demonstrating that he was very cold and by moving his vehicle slightly forward. Agent Naoufal asked GONZALEZ for consent to search the vehicle and GONZALEZ consented to the search. At this point, Agent Naoufal referred GONZALEZ and the vehicle to the secondary area for further inspection.

In secondary inspection, Agent L. Hermosillo identified himself as a Border Patrol Agent to GONZALEZ. Agent Hermosillo asked GONZALEZ who was the owner of the vehicle. GONZALEZ stated he was the owner. Agent Hermosillo asked GONZALEZ for consent to search the vehicle and to conduct a K-9 sniff. GONZALEZ consented to both. Agent Hermosillo

conducted a canine sniff with his service canine of the exterior of the vehicle and then to the interior of the vehicle. The canine alerted to the rear seat area of the vehicle. Agent Hermosillo then conducted a closer inspection of the rear seat area.

Agent Hermosillo asked GONZALEZ where he was coming from, and GONZALEZ stated he was coming from Mexicali, Mexico. GONZALEZ stated to Agent Hermosillo the vehicle had already been inspected at the Port of Entry. As Agent Hermosillo inspected the rear seat area, Agent Hermosillo noticed the screws behind the rear seat did not match and were loose. Agents Gonzalez and Hermosillo were able to remove the rear seat. Agent Hermosillo noticed that the floor under the rear seat had been recently painted and did not match up with other parts of the vehicle. Near the center of the floor, it appeared there was recent patch work. Agent Hermosillo began to tap the floor with his flashlight, and chips of bondo began to break off. As the bondo began to come off, the outline of an access panel began to appear. Agents Hermosillo and Gonzalez were able to remove the access panel and observe several brick like bundles in a hidden compartment underneath the floorboard.

A total of 20 packages wrapped in brown packaging tape with a white string attached to them were removed from the compartment and found to contain a white powdery substance. The total weight of the packages was 54.1 pounds. A Narcotics Identification System Kit was then utilized to test the substance, which tested positive for cocaine.

The Drug Enforcement Administration (DEA) was notified and responded. Special Agents (SA) M. Ortiz and D. Niebla arrived at the Highway 86 Checkpoint. SA Niebla read GONZALEZ his Miranda warnings

verbatim in the Spanish language from a DEA 13A card as witnessed by SA Ortiz. GONZALEZ acknowledged and waived his rights. GONZALEZ admitted that he was the owner of the vehicle. In addition, GONZALEZ stated that he knew he was transporting narcotics. GONZALEZ stated he expected to be paid $2,000.00 to transport the narcotics to an area near Ontario, California.  GONZALEZ stated this was the third time he has transported narcotics.