FILED
FEB 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 08MJ8109 |
| Plaintiff, | |
| v. | FINDINGS OF FACT AND ORDER OF DETENTION |
| Saul Junior GONZALEZ, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 11, 2008, to determine whether defendant Saul Junior GONZALEZ should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Court-appointed counsel Robert Carriedo appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Service Officer, and the criminal complaint issued against the Defendant on February 6, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

FINDINGS OF FACT

A. **Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)**

1. The Defendant is charged in Criminal Complaint No. 08MJ8109 with possession with intent to distribute 24.54 kilograms (54.1 pounds) of cocaine in violation of 21 U.S.C. § 841(a)(1). Therefore, there exists probable cause to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(B)(vii). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. According to the United States Sentencing Guidelines, the Base Offense level is 34, See USSG § 2D1.1(3). Even assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 151-188 months in prison.

B. **Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):**

1. On February 5, 2008, Defendant approached the Highway 86 Checkpoint driving a 1990 Chevrolet Celebrity. Defendant's hands were visibly shaking when he handed Border Patrol Agent (BPA) Naoufal his birth certificate and driver's license. Defendant appeared anxious and was avoiding eye contact. BPA received consent to search the vehicle. Defendant and the vehicle were referred to secondary for further inspection. In secondary inspection area, Defendant stated he was the owner of the vehicle. Defendant gave consent to search the vehicle and to conduct a K-9 sniff. The K-9 alerted to the rear seat area of the vehicle. An access panel was found under the rear seat. Further inspection revealed 24.54 kilograms (54.1 pounds) cocaine. United States Border Patrol requested the assistance of the Drug Enforcement Administration (DEA). Defendant stated to DEA agents that he knew he was transporting narcotics. He was to be paid $2,000.00 to transport the narcotics to an area near Ontario, California. This was the third time he has transported narcotics.

C. **History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):**

1. The Defendant is a United States citizen.

2. The Defendant resides in Mexicali, Baja California, Mexico.

2

D.  <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

    1.  Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community.

II

<u>REASONS FOR DETENTION</u>

A.  There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8109, namely, the possession with intent to distribute a controlled substance 24.54 kilograms (54.1 pounds) of cocaine into the United States in violation of 21 U.S.C. § 841(a)(1).

B.  The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C.  The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

<u>ORDER</u>

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///
///

1     While in custody, upon order of a court of the United States or upon the request of an attorney
2 for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3 United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4 other appearance stipulated to by defense and government counsel.
5     THIS ORDER IS ENTERED WITHOUT PREJUDICE.
6     IT IS SO ORDERED.
7     DATED: __2-28-08__.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

_John F. Weis_
JOHN F. WEIS
Assistant U. S. Attorney

cc: Robert Carriedo
    Counsel for Defendant